[No. 2373.]

## JOHN HODGES *v.* THE STATE.

1. EMBEZZLEMENT is *eo nomine* an offense against the laws of this State, and is fully defined in Articles 786 et seq. of chapter 16 of the Penal Code.

2. RECEIVING EMBEZZLED PROPERTY, KNOWING IT TO HAVE BEEN EMBEZZLED, ETC.—The Act of March 16, 1883 (General Laws Eighteenth Leg. page 24), defining the offense of receiving embezzled property, knowing it to be embezzled, reads as follows: If any person shall fraudulently receive or conceal any property which has been acquired by another in such manner as that the acquisition comes within the meaning of embezzlement, knowing the same to have been so acquired, he shall be punished in the same manner as the person embezzling the same would be liable to be punished." *Held* that, notwithstanding the use by the Legislature, in the act, of the terms "acquired" and "acquisition," instead of the proper terms "converted" and "conversion," the intent of the Legislature was to create and punish as an offense the receiving or concealing of embezzled property, and full force and effect must be given to that legislative intent. Objection, therefore, that the act of March 16, 1883, is inoperative and void, was not well taken, and was properly overruled.

3. SAME—INDICTMENT.—It is no valid objection to an indictment which charging in the language of the act the receiving and concealing of em bezzled property, knowing it to be embezzled, that it fails to allege the facts constituting the embezzlement. The indictment in this case charges, in substance, that the defendant did fraudulently receive from J. G., and did fraudulently conceal, certain property, to wit, a horse, the same being the property of B. H., and the same being of the value of $100, which said property had been acquired by said J. G., in such manner as that the acquisition comes within the meaning of embezzlement, and that the said defendant received and concealed said horse knowing the same to have been so acquired. *Held,* sufficient to charge the offense of receiving and concealing embezzled property, knowing it to be embezzled. See the opinion *in extenso* on the question.

4. SAME.—CHARGE OF THE COURT is to be considered as a whole, and every portion of it is to be construed with reference to every other portion. If, as so considered and construed, it is found to be correct, it is sufficient.

APPEAL from District Court of Wise. Tried below before the Hon. F. E. Piner.

The conviction in the case was for receiving and concealing embezzled property, knowing it to be embezzled, the charging

part of the indictment appearing, in substance, in the opinion of the court. The penalty assessed by the verdict was a term of five years in the penitentiary. The transcript brings up no statement of the facts.

*Bullock & Trenchard,* for the Appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

Willson, Judge. In this case the indictment was drawn and the conviction had under the act of March 16, 1883 (Gen. Laws Eighteenth Leg., p. 24), which reads as follows: "If any person shall fraudulently receive or conceal any property which has been acquired by another in such manner as that the acquisition comes within the meaning of embezzlement, knowing the same to have been so acquired, he shall be punished in the same manner as the person embezzling the same would be liable to be punished." It is insisted by appellant's counsel that the above quoted act is inoperative and void, because "embezzlement" is not an offense under our laws, *eo nomine,* and is not defined in the Penal Code, and, hence, a conviction for embezzlement, or for receiving, etc., embezzled property can not be sustained. We must confess that we are doubtful about our understanding of the objection made to the act by counsel in their brief, as they have not made their views on this subject very clear to our minds. We have stated their objections to the law as we understand them.

We are unable to see any force in the objections. "Embezzlement" is an offense *eo nomine,* and is fully defined in the Penal Code. (Penal Code, chap. 15, Art. 786, et seq.) The only defect in said act that we can perceive is that it uses the words "acquired" and "acquisition," where the words "converted" and "conversion" should have been used. There can be no question but that the legislative intent was to create and punish as an offense the receiving or concealing of *embezzled* property the same as the receiving or concealing of *stolen* property. (Penal Code, Art. 743.) This intent being plain from the act itself, we must give such intent effect, although the language used therein is not as critically correct as it might have been made. The act is not so indefinitely framed, or of such doubtful construction, in our opinion, as that it can not be understood, and hence it can not be held inoperative because it uses some words not as

appropriate to express the legislative intent as would be some other words.

An objection to the indictment is urged. The objection is that said indictment does not allege the facts which constituted the *embezzlement.* The indictment alleges substantially that the defendant did fraudulently receive from Jim Gilbreth, and did fraudulently conceal certain property, to wit, a horse, the same being the property of Boon Halford, and the same being of the value of one hundred dollars, which said property had been acquired by said Gilbreth in such manner as that the acquisition comes within the meaning of embezzlement, and that the said defendant received and concealed said horse, knowing the same to have been so acquired.

It will be seen that the indictment follows the language of the statute creating this offense. It is not the offense of *embezzlement* that is sought to be charged, but the offense of *receiving or concealing embezzled property, knowing the same to have been embezzled.* We think the indictment sufficiently charges the last named offense, and that it is no valid objection to it that it does not allege the facts constituting the embezzlement. It is not like the case of indictment for burglary, in which it is essential to not only aver the elements of burglary, but also those of the felony or theft committed or intended to be committed. Burglary is a compound offense, to constitute which there must not only be the breaking of, and entry into, a house, but there must be an intent on the part of the offender, co-existent with the acts of breaking and entry, to commit felony or theft. The offense is dependent upon the *intent* to commit some felony, or to commit theft, and the felony or theft intended is therefore a necessary element of the offense of burglary and must be alleged.

The offense we are considering is a substantive one and it is not essential to its existence or description that the facts constituting the embezzlement should be specifically averred. If the property is embezzled property, no matter when, where, by whom or under what circumstances it was embezzled, it is an offense to receive or conceal it, knowing that it is embezzled property. The offense is analogous to that of receiving stolen property, knowing the same to be stolen, and this court, in Brothers v. The State (*post,* page 447), holds that it is not necessary in an indictment for receiving stolen property to specifically allege the elements of the *theft* of such property, but that it is sufficient to follow the language of the statute. (See that decision for a

full discussion of the subject and the citation of the authorities bearing upon it.) We are of the opinion that the indictment in this case is a good one and that the court did not err in overruling the exceptions to it, nor in overruling the motion in arrest of judgment.

Considering the charge of the court as a whole, it is correct and sufficient, and, while the exception to one paragraph of said charge is well taken, the error in said paragraph is fully cured by another portion of the charge. A charge must be treated as a whole, and every portion be construed with reference to every other portion. (Thrasher v. The State, 3 Texas Ct. App., 281; Brownlee v. The State, 13 Texas Ct. App., 255; Logan v. The State, 17 Texas Ct. App., 50; Davis v. The State, 19 Texas Ct. App., 201.)

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Opinion delivered November 27, 1886.

Judge Hurt dissents, and holds that the act creating this offense is so indefinite as to be inoperative. He concurs in the opinion as to the sufficiency of the indictment, provided the act is valid and operative.